# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREG BURRIDGE,

    Plaintiff,

v.

CITY OF FARMINGTON, NICK BLOOMFIELD in his individual capacity, and STEVEN HEBBE, in his individual capacity,

    Defendants.

No. 1:18-cv-00704-MV-LF

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the court on Defendants City of Farmington, Nick Bloomfield, and Steven Hebbe's Motion for Summary Judgment filed July 25, 2019 (ECF No. 60).[1] Upon consideration thereof, the court finds the motion is well taken in part and should be granted as to the one remaining federal claim. The remaining state law claims should be dismissed without prejudice.[2]

---

[1] Defendants previously filed a Motion for Judgment on the Pleadings on March 1, 2019 (ECF No. 31), which the court will deny as moot given the resolution of the summary judgment motion.

[2] This matter was transferred to the undersigned on February 28, 2020. ECF No. 69.

**Background**

Plaintiff (Officer) Burridge brought a variety of claims against Defendants under state and federal law, all arising what he alleges was a pattern of bullying behavior culminating in an incident where his supervisor on the SWAT team, Sergeant Nick Bloomfield, slapped him twice across the face. The conduct occurred during a training exercise where Sergeant Bloomfield selected Officer Burridge to play the "suspect."[3] The complaint alleged seven counts, of which only three remain: (1) a substantive due process claim related to the slapping incident (that names Sergeant Bloomfield only), (2) a state law battery claim related to the same, and (3) a state law defamation claim related to Sergeant Bloomfield's allegedly disparaging comments about Officer Burridge.

**Discussion**

A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court views the factual record and reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party. Banner Bank v. First Am. Title Ins. Co., 916 F.3d 1323, 1326 (10th Cir. 2019).

Officer Burridge brings a civil rights action for violation of his substantive due

---

[3] Officer Burridge initially brought claims against several other defendants arising from the same facts. Officer Burridge later agreed to dismiss several defendants from the case, which the assigned district judge did by stipulated order of partial dismissal. ECF No. 51 (dismissing defendants Farmington Police Department, Daryl Koon, Kyle Dowdy, Sierra Tafoya, Dennis Ronk, Tom Swenk, and Brian Johnston).

process rights under the Fourteenth Amendment.[4] 42 U.S.C. § 1983. The substantive due process right is violated where official conduct "shocks the conscience" and is so "'brutal' and 'offensive' that it [does] not comport with traditional ideas of fair play and decency." County of Sacramento v. Lewis, 523 U.S. 883, 846–57 (1998) (quoting Breithaupt v. Abram, 352 U.S. 432, 435 (1957)). The conduct complained of must be "egregious and outrageous." Doe v. Woodard, 912 F.3d 1278, 1300 (10th Cir. 2019) (quoting Breithaupt, 352 U.S. at 435). "Even the actions of a reckless official or one bent on injuring a person do not necessarily shock the conscience." Id.

Viewing the facts in the light most favorable to Officer Burridge, Sergeant Bloomfield slapped Officer Burridge twice across the face with an open hand during the exercise. The second slap "was stronger, harder, and louder" and the sound of the impact "reverberated throughout the room." Complaint, ECF No. 1 at 6. Officer Burridge's "ears were ringing and the side of his face became numb" as a result of the second slap. Id. Neither slap was part of a defensive technique related to the training. Id.

Though troubling, these facts fail to meet the "shocks the conscience" test as a matter of law. Accordingly, they do not give rise to a constitutional violation that Officer Burridge may seek to remedy through a § 1983 action. While "[w]e may rightly condemn" the misconduct at issue here, the blows caused no lasting damage and did not amount to a "brutal and inhumane abuse of official power." Muskrat v. Deer Creek Pub.

---

[4] Though Officer Burridge styles the claim as for "excessive force," he concedes that a Fourth Amendment analysis is inappropriate because he has alleged no search or seizure. ECF No. 62 at 13.

Schs., 715 F.3d 775, 787 (10th Cir. 2013) (quoting Garcia v. Miera, 817 F.2d 650, 655 (10th Cir. 1987)). Past decisions from this court and others support the conclusion that this type of physical contact does not rise to the level of a constitutional violation. See Muskrat, 817 F.3d at 785 (teacher slapping disabled student's cheek and arm and restraining him in a chair insufficient); Williams v. Berney, 519 F.3d 1216, 1219 (10th Cir. 2008) (inspector pushing, shoving, and repeatedly striking business owner insufficient); Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) ("it is simply inconceivable that a single slap could shock the conscience"); Gonzalez v. Passino, 222 F. Supp. 2d 1277, 1282 (D.N.M. 2002) (teacher giving student a "hard smack" with a plastic bat insufficient).

Officer Burridge contends that the use of physical force should be analyzed in light of a "lengthy, malicious, and persistent campaign of harassment" against him. ECF No. 62 at 15. The Tenth Circuit has held that an action causing "severe" injury that is "inspired by malice or sadism rather than a merely careless or unwise excess of zeal" will shock the conscience. Garcia, 817 F.3d at 655 (quoting Hall v. Tawney, 621 F.2d 607, 613 (4th Cir 1980)) (emphasis added); see also Williams, 519 F.3d at 1223 ("The combination of serious physical abuse and the assaulting official's use of official authority to force the victim to submit can shock the conscience.") (emphasis added). But Officer Burridge has not alleged severe injury or serious physical abuse. Nor has he pointed the court to any authority suggesting that malice expressed through prior workplace bullying is enough to convert an otherwise insufficient use of force into a constitutional tort. The facts alleged in Officer Burridge's complaint cannot clear the

4

high bar for substantive due process violations and the court will grant summary judgment to Defendants on the § 1983 claim.

The remaining two counts are state law claims for battery and defamation. The court may exercise supplemental jurisdiction over state law claims that are so related to a party's federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). But a district court may also "decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c). The Tenth Circuit has advised that when only state law claims are left for decision, the court should usually exercise its discretion to decline supplemental jurisdiction. See VR Acquisitions, LLC v. Wasatch Cty., 853 F.3d 1142, 1149–50 (10th Cir. 2017). Accordingly, the court declines to exercise supplemental jurisdiction over Officer Burridge's remaining state law claims.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion for Summary Judgment (ECF No. 60) filed July 25, 2019, is granted in part in favor of the remaining Defendants as to Officer Burridge's substantive due process claim arising under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings (ECF No. 31) filed March 1, 2019, is denied as moot.

IT IS FURTHER ORDERED that any remaining state law claims are dismissed without prejudice.

DATED this 5th day of March 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Michael E. Mozes, Law Offices of Michael E. Mozes, P.C., Albuquerque, New Mexico for Plaintiff.

Brian K. Nichols, Jeremy K. Harris, and Kevin D. Pierce, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendants.