UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GREG BURRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FARMINGTON, FARMINGTON POLICE DEPARTMENT, NICK BLOOMFIELD, in his individual capacity; STEVE HEBBE, in his individual capacity; DARYL NOON, in his individual capacity; KYLE DOWDY, in his individual capacity; SIERRA TAFOYA, in her individual capacity; RICHARD GIBBONS, in his individual capacity; DENNIS RONK, in his individual capacity; TOM SWENK, in his individual capacity and BRIAN JOHNSTON, in his individual capacity,<br><br>    Defendants. | No. 1:18-cv-00704-PJK-LF |

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES

THIS MATTER comes before the court on the Motion for Attorney Fees by

Defendants City of Farmington, Nick Bloomfield, and Steven Hebbe filed March 19,

2020.  ECF No. 72.  Upon consideration thereof, the motion is not well taken and should be denied.

## Background

Plaintiff (Officer) Burridge brought a variety of claims against various Defendants under state and federal law, all arising from what he alleges was a pattern of bullying behavior culminating in an incident where his supervisor on the SWAT team, Sergeant Nick Bloomfield, slapped him twice across the face.  The complaint alleged seven counts.  ECF No. 1.  The parties agreed that dismissal for failure to state a claim was appropriate for Counts II, III, VI, and VII.  ECF No. 67.  The court granted Defendants summary judgment on the federal substantive due process claim (Count I), and declined to exercise supplemental jurisdiction over the remaining state-law claims (Counts IV and V).  ECF Nos. 70 & 71.  The court awarded costs only on the federal claim.  ECF No. 71.  Defendants now seek attorneys' fees incurred in connection with Counts I, II, III, VI, and VII under 42 U.S.C. § 1988(b).  ECF Nos. 72 & 76.

## Discussion

Defendants seek $76,061 in attorneys' fees, arguing that Plaintiff lacked any factual or legal basis for his various federal and state law claims.  Id.  In particular, Defendants argue that no evidence supported Plaintiff's federal substantive due process claim, let alone supervisory or municipal liability, and Plaintiff continued to litigate his claims notwithstanding a lack of precedent or factual basis.  For example, they point to

Plaintiff's early acknowledgement that he did not suffer a severe injury from the incident and argue this meant that his substantive due process claim could not succeed.

For his part, Plaintiff recounts that he dismissed several parties and claims by agreement, that the court resolved the case on a motion for summary judgment (rather than on Defendants' motion for judgment on the pleadings), and that the court only awarded Defendants' costs on the federal claim that went to judgment. ECF No. 73.

In a § 1983 action, the court has discretion to award a prevailing defendant reasonable attorney's fees upon a finding that the action "was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); see also 42 U.S.C. § 1988(b). Thus, an action that is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," may result in an award of attorneys' fees to a defendant. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Section 1988 is intended to discourage frivolous lawsuits, that is, "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, 833 (2011) (quoting Christiansburg, 434 U.S. at 420). The court's power to award costs is separate. See Fed. R. Civ. P. 54(d)(1).

The standard for awarding attorneys' fees against a plaintiff is high. Only "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000). Claims for which a motion to dismiss or summary judgment was granted do not automatically meet this stringent standard. Id.; Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995). For a

3

complaint to be considered frivolous, it must lack "an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Though the issue is close, the court will deny the motion given that several claims were dismissed by agreement (apparently on realization that they were untenable), the court declined to exercise supplemental jurisdiction over two of the state-law claims, and only awarded costs on the federal claim.  The court cannot say that the contours of a federal substantive due process claim are so clear that a plaintiff cannot make an argument for an extension of the law.

NOW, THEREFORE, IT IS ORDERED that the Defendants' Motion for Attorney Fees filed March 19, 2020 (ECF No. 72), is denied.

DATED this 23rd day of December 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation